McQuade v. The City of St. Louis, *Appellant*.

**Contract for City Work** : NEED NOT BE IN WRITING : PAROL EVIDENCE.
An ordinance of the city provided that no one should have power
to create any liability on account of the Board of Park Commis-
sioners except with the express authority of the board. By resolu-
tion of the board, a committee consisting of the president and two
other persons were authorized to contract for certain work, "and
to report." In an action on a written contract for the work signed
by the president alone for the board; *Held*, that there being no
law or ordinance requiring the contract to be in writing, parol evi-
dence was admissible to show that the other members of the com-
mittee assented to the making of the contract. *Held* also, that as it
did not appear that the contract was to be reported for approval or
rejection by the board, failure of the committee to report it did not
affect the rights of the contractor.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Leverett Bell* for appellant, cited *McDonald v. The
Mayor*, 68 N. Y. 23 ; *s. c.*, 23 Am. Rep. 144.

*Robert Crawford* for respondent.

HOUGH, C. J.—The petition in this case contains two
counts. In the first count the plaintiff seeks to recover the
value of certain work done by him under and in pursuance
of a contract therefor, alleged to have been made with cer-
tain persons acting under authority of the Board of Park
Commissioners. In the second count the plaintiff seeks to
recover damages for the refusal of the defendant to permit
plaintiff to perform said contract.

The plaintiff read in evidence the charter creating and
ordinance regulating the Board of Park Commissioners.
Section 13 of said ordinance provides that "None of said
commissioners, or any person whether in the employ of said
commissioners or otherwise, shall have the power to create
any debt, obligation, claim or liability for or on account of

said board, or the moneys or property under its control, except with the express authority of said board, conferred at a regular meeting thereof duly convened and held," etc.

The plaintiff read in evidence the record of a meeting of the Board of Park Commissioners of March 21st, 1872, at which it was resolved "that the president, Commissioner Bernard of the 11th ward, and the superintendent be authorized to make a contract to best advantage for the removal of rock and earth from the reservoir on Benton street to St. Louis Place, and to report."

Mr. Jacob S. Merrill was examined as a witness for plaintiff, and stated that he was a member of the park board in 1872, and a paper in words and figures as follows, was shown witness:

ST. LOUIS, March 26th, 1872.

*To the Board of Park Commissioners:*

I hereby agree to remove all the rock and earth on north side of reservoir in Benton street (outside of the original wall) and deposit the same in St. Louis Place, as may be directed by the superintendent of parks or park commissioners, or such party as may be legally placed in charge of the work, and to have the work all done in sixty days from this date, for the following price: Two feet of the entire height and length of the wall is to be measured by the perch at fifty cents per perch, the remainder, whether rock or earth, is to be measured as earth and the price to be twenty cents per yard, and I hereby bind myself in the sum of $500 for the faithful performance of the work.

GEORGE McQUADE.

I hereby unite in the above bond in the sum of $500 for the faithful performance of the work by Mr. McQuade.

P. MACKLIN.

The above is accepted by the Board of Park Commissioners.

JACOB S. MERRILL, President.

The defendant conceded that the signatures to the paper were genuine. The witness was asked whether the

contract was signed by order of the Board of Park Commissioners. The testimony, upon defendant's objection, was excluded.

The plaintiff also offered to prove that commissioner Bernard and the superintendent were present when Mr. Merrill indorsed the acceptance of the park commissioners on his proposal; that he was permitted to, and did, do certain work under his accepted proposal, and that the assistant city engineer made an estimate thereof and reported the same to the superintendent, and advised payment therefor, and that the superintendent stopped the work. This testimony the court refused to permit the plaintiff to introduce. The plaintiff took a non-suit with leave, which the circuit court refused to set aside, and rendered final judgment for the defendant. The court of appeals reversed the judgment of the circuit court, and the defendant has appealed to this court.

We think the circuit court erred in rejecting the testimony offered. The resolution of the Board of Park Commissioners, authorizing the president, Commissioner Bernard and the superintendent to make a contract for the removal of the earth in question, did not require that such contract should be in writing, nor has any law or ordinance requiring it to be in writing, been brought to our attention. It was competent to show by oral testimony that the persons authorized by the board, did in fact accept the proposal of the plaintiff, and that the written acceptance thereof by President Merrill on behalf of the park commissioners, was made with their knowledge and consent. The written acceptance by Merrill, offered in evidence, would not, of itself, bind the board, but an oral acceptance by all three of the persons named, would create a valid and binding contract, and the testimony offered had a tendency to establish that fact, and such testimony was not contradictory of the writing, but consistent therewith.

Whether the comittee appointed to make the contract, made report of their action to the board, is wholly imma-

terial, so far as the plaintiff's rights are concerned. Their failure in that regard could not affect the validity of any contract entered into by them with the plaintiff, inasmuch as the report required to be made does not appear to have been required for the purpose of subjecting their action to the approval or rejection of the board.

We are of opinion that the judgment of the court of appeals should be affirmed. The other judges concur.